UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOHNNIE MORENO,** § | | |
| § | | |
| **PLAINTIFF** § | | |
| § | | |
| § | | |
| v. § | | **CA NO. 5:19-cv-312** |
| § | | |
| **ROBERT HALF INTERNATIONAL,** § | | |
| **INC.,** § | | |
| § | | |
| **DEFENDANT** § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Johnnie Moreno sues Defendant Robert Half International, Inc. ("Defendant") and in support thereof would show as follows:

### I.   PRELIMINARY STATEMENT

1.1   This is an action for failure to pay overtime brought under the Fair Labor Standards Act ("FLSA").

1.2   Defendant Robert Half International, Inc. is a personnel placement firm with its principle office in Menlo Park, California.

1.3   Robert Half International, Inc. ("Robert Half" or "Defendant") hired Plaintiff Johnnie Moreno to perform work as a consultant to San Antonio's public utility, CPS Energy.

1.4   Robert Half paid Mr. Moreno on an hourly basis.

1.5   Mr. Moreno was a non-exempt employee.

1.6   Mr. Moreno was entitled to overtime premiums for every hour he worked over forty per week.

1.7   Mr. Moreno worked more than forty hours almost every single week of his employment

with Robert Half.

1.8     Robert Half was aware of the hours Mr. Moreno worked.

1.9     Indeed, Robert Half had Mr. Moreno record all hours he worked.

1.10    However, Robert Half never paid overtime premiums to Mr. Moreno for any hours worked over forty per week. This was in spite of the fact that Mr. Moreno on multiple occasions complained about Robert Half's failure to pay him overtime.

1.11    During the three years prior to the filing of this Complaint, Robert Half International, Inc. willfully committed violations of the FLSA by failing to pay Mr. Moreno overtime compensation for all hours worked.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant because it conducts business in Texas and has entered into relationships with Johnnie Moreno in Texas, and committed actions in this judicial district that give rise to this cause of action.

2.3     Venue is proper in this Judicial District as a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.    PARTIES

**A.     Plaintiff**

3.1     Johnnie Moreno is an individual residing in Texas.

**B.     Defendant**

3.2     Defendant Robert Half International, Inc. is a foreign corporation with its primary place of business in Menlo Park, California. Defendant may be served by serving its registered agent for service of process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas Texas 75201.

3.3     Defendant Robert Half International, Inc. was an employer of Mr. Moreno as defined by 29 U.S.C. §203(d).

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant was, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.3     At all relevant times, Defendant employed "employees," including Johnnie Moreno, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendant employed two or more persons in interstate commerce.

4.5     At all relevant times, Defendant has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.6     At all relevant times, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendant is a personnel agency operating out of California. Defendant employed Johnnie Moreno as an hourly, non-exempt consultant. Specifically, Mr. Moreno was responsible for escorting cell phone providers through all the secured cell phone towers in CPS Energy's system.

He would ensure the cell phone providers were working safely, and would also make sure the providers complied with CPS Energy's rules and regulations.

5.2     Defendant employed Johnnie Moreno during the three-year period preceding the filing of this Complaint.  Specifically, Mr. Moreno worked for Defendant from March 2015 through the present.

5.3     Defendant consistently failed to pay Mr. Moreno overtime premiums for all hours worked, in spite of the fact that Mr. Moreno consistently worked much more than forty hours per week.

5.4     Defendant maintained control, oversight, and direction over its operations, including employment practices.

5.5     Defendant maintained and exercised the power to hire, fire, and discipline Johnnie Moreno during his employment with Defendant.

5.6     Johnnie Moreno was required to comply with Defendant's policies and procedures in performing his work during his employment with Defendant.

5.7     Defendant independently exercised control over the work performed by Johnnie Moreno.

5.8     Defendant is responsible for running the day-to-day operations of its business.

5.9     Defendant determined the wages to be paid to Johnnie Moreno.

5.10    Defendant determined the work to be performed by Johnnie Moreno.

5.11    Defendant determined Johnnie Moreno's hours.

5.12    Defendant determined Johnnie Moreno's conditions of employment.

5.13    Defendant maintained employment records on Johnnie Moreno.

5.14    Defendant possessed and, in fact, exercised the power to hire, fire and discipline Johnnie Moreno.

5.15    While employed as a consultant for Defendant, Mr. Dominguez' primary job duty was not

the performance of work directly related to Defendant's management or general business operations, or those of its customers.

5.16    While employed as a consultant for Defendant, Mr. Dominguez' primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

5.17    While employed as a consultant for Defendant, Mr. Dominguez did not direct the work of two or more employees at any time during his employment.

5.18    While employed as a consultant for Defendant, Mr. Dominguez did not have the authority to hire or fire other employees, and his suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

## VI.    CAUSE OF ACTION

**Violation of the FLSA for Failure to Pay Overtime Compensation**

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2    Defendant has violated 29 U.S.C. § 201 *et seq*. by failing to pay Johnnie Moreno overtime premiums for all hours worked over forty per week during his employment.

6.3    No excuse, legal justification or exemption excuses Defendant's failure to pay Johnnie Moreno overtime premiums for all hours worked over forty per week.

6.4    Defendant has failed to make a good faith effort to comply with the FLSA. Instead, it knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.

6.5    Johnnie Moreno seeks all unpaid overtime premiums, and an additional amount as

liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Johnnie Moreno respectfully prays that Defendant Robert Half International, Inc. be cited to appear, and that, upon trial of this matter, Johnnie Moreno recover the following against Defendant Robert Half International, Inc.:

a. Actual damages for the full amount of Johnnie Moreno's unpaid overtime compensation under the FLSA;

b. Liquidated damages in an amount equal to Johnnie Moreno's unpaid overtime compensation under the FLSA;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
2901 Bee Cave Rd, Box L
Austin, Texas 78746
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**